UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case Nos. 06-cr-164-pp
                   19-cv-84-pp

DAVID W. HARRIS,

        Defendant.

**ORDER CONSTRUING DEFENDANT'S MOTION TO CORRECT PRESENTENCE INVESTIGATION REPORT AS MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. §2255 (DKT. NO. 165), DIRECTING CLERK OF COURT TO OPEN SEPARATE CIVIL 28 U.S.C. §2255 CASE WITH THE MOTION AND DISMISSING AS SECOND OR SUCCESSIVE §2255 MOTION**

Judge Randa sentenced the defendant over ten years ago. Dkt. No. 112. As the court recounted in its order of February 28, 2018, the defendant has filed twelve motions to correct his sentence or to reconsider orders denying such motions (including this one). See Dkt. No. 163. Every one of those motions has been based on the fact that one of the convictions which formed the basis for his mandatory minimum sentence had been vacated. First Judge Randa, then this court, denied each of those motions; the court laid out the reason for each of those rulings in its February 28, 2018 order. Id.

The defendant has been out of custody since March 31, 2017. https://www.bop/gov/inmateloc/ He is almost two years into an eight-year supervision term. He has *finished* serving the 120-month mandatory minimum sentence Judge Randa imposed. Years ago, Judge Randa warned the defendant

1

that if he continued to file these motions without seeking the Seventh Circuit's approval, he would face sanctions under Fed. R. Civ. P. 11. Case No. 13-cv-916, Dkt. No. 2. When *this* court denied one of his efforts to attack his sentence, the Seventh Circuit Court of Appeals warned him that *it* could impose sanctions if he continued to file these motions. See USA v. Harris, 06-cr-164, Dkt. No. 163 at 6. Despite this, the plaintiff has filed the current motion.

In this motion (as in the last one), the plaintiff asks the court to "order[] a correction of his P.S.R." based on an Arkansas court's "dismissal and expungement of a prior felony drug case." Dkt. No. 165 at 1. He asks the court to "liberally construe[] this motion for correction purposes only, not as a collateral attack on his sentence under 2255." Id. at 2. The court will not grant that request. The defendant's presentence report was drafted over ten years ago. At that time, the Arkansas conviction was valid—the presentence report was correct as written. According to the defendant, the Arkansas court did not dismiss his conviction until June 15, 2009—almost seven months *after* he was sentenced in this case. See Dkt. No. 134. Setting aside the fact that the defendant had *other* drug convictions that supported the 120-month mandatory minimum sentence, at the time Judge Randa relied on the presentence report, the Arkansas conviction was valid. The report was not wrong. It is not wrong today—as of the date it was written, the defendant had a conviction in Arkansas. There is nothing to correct.

Further, even if there were something to correct in the presentence report, the deadline for seeking such a correction has long passed. Federal Rule of Criminal Procedure 32(f)(1) provides that "[w]ithin 14 days after receiving the presentence report, the parties must state in writing objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." The deadline for the defendant to object to his presentence report expired back in 2008. This court has no jurisdiction to entertain such a motion over ten years later.

All that aside, this motion is nothing more than another attempt—the plaintiff's twelfth—to vacate, correct or set aside the 120-month sentence Judge Randa imposed. Even though the defendant says in this most recent motion that he is asking only for a correction, he also says that the presentence writer's recommendation of a 120-month mandatory minimum sentence "is in error and needs to be corrected also." Dkt. No. 165 at 1. He concludes by saying, "In addition, [the defendant] was convicted of 21 U.S.C. 841(b)1(B) which carries a mandatory minimum of five years not ten years in this case (06-CR-164)." <u>Id.</u> That's a motion to vacate, correct or set aside his sentence, regardless of what the defendant wants this court to call it.

Yet again, the court will construe this motion for what it is—a successive §2255 motion that the defendant does not have permission from the Seventh Circuit to file. It will direct the clerk's office to open a civil case using this motion, and will dismiss that case for lack of jurisdiction. The court also advises the defendant that if he files another successive motion, the court will

sanction him under Fed. R. Civ. P. 11. See Smith v. Gilmore, 111 F.3d 55, 56 (7th Cir. 1997) (affirming district court's imposition of a $50 fine against a defendant who filed a third challenge to his conviction after he was "expressly warned by the judge when he filed his second habeas corpus petition attacking his conviction . . . . that he was courting a Rule 11 sanction.").

The court **CONSTRUES** the petitioner's motion as a successive motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255. Dkt. No. 165.

The court **DIRECTS** the clerk's office to open a separate civil 28 U.S.C. §2255 case with this motion (dkt. no. 165), and **ORDERS** that that case is **DISMISSED** for lack of jurisdiction.

Dated in Milwaukee, Wisconsin this 15th day of January, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**

4